**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| INMOTION IMAGERY TECHNOLOGIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>EVIL ANGEL PRODUCTIONS, INC.; TWENTIETH CENTURY FOX HOME ENTERTAINMENT LLC; FOX SEARCHLIGHT PICTURES, INC.; LIONS GATE ENTERTAINMENT INC.; UNIVERSAL STUDIOS HOME ENTERTAINMENT LLC; FOCUS FEATURES LLC; SONY PICTURES ENTERTAINMENT INC.; PARAMOUNT HOME ENTERTAINMENT INC.; PARAMOUNT HOME ENTERTAINMENT DISTRIBUTION INC.; DW STUDIOS L.L.C.; DREAMWORKS ANIMATION HOME ENTERTAINMENT, L.L.C.; NU IMAGE, INC.; FIRST LOOK STUDIOS, INC.; DIGITAL PLAYGROUND, INC.; SBO PICTURES, INC. D/B/A WICKED PICTURES,<br><br>Defendants. | § | CIVIL ACTION NO. 2:10-cv-295<br><br>**JURY TRIAL DEMANDED** |

**<u>PLAINTIFF'S ORIGINAL COMPLAINT</u>**

Plaintiff InMotion Imagery Technologies, LLC (hereinafter, "InMotion" or "Plaintiff") by and through its undersigned counsel, files this Original Complaint against Evil Angel Productions, Inc.; Twentieth Century Fox Home Entertainment LLC; Fox Searchlight Pictures, Inc.; Lions Gate Entertainment Inc.; Universal Studios Home Entertainment LLC; Focus

Features LLC; Sony Pictures Entertainment Inc.; Paramount Home Entertainment Inc.; Paramount Home Entertainment Distribution Inc.; DW Studios L.L.C.; DreamWorks Animation Home Entertainment, L.L.C.; Nu Image, Inc.; First Look Studios, Inc.; Digital Playground, Inc.; SBO Pictures, Inc. d/b/a Wicked Pictures (collectively, referred to as "Defendants"), as follows:

## NATURE OF THE ACTION

1.      This is a patent infringement action to stop Defendants' infringement of Plaintiff's United States Patent No. 6,526,219 (hereinafter, the "'219 patent"), entitled "Picture-Based Video Indexing System." A copy of the '219 patent is attached hereto as Exhibit A. InMotion is the assignee of the '219 patent. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2.      Plaintiff InMotion is a limited liability company organized and existing under the laws of Texas with its principal place of business at 104 East Houston Street, Suite #175, Marshall, Texas 75670. InMotion is the assignee of all title and interest of the '219 patent. Plaintiff possesses the entire right to sue for infringement and recover past damages.

3.      Upon information and belief, Defendant Evil Angel Productions, Inc. ("Evil Angel") is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 14141 Covello Street, #8C, Van Nuys, California 91405.

4.      Upon information and belief, Defendant Twentieth Century Fox Home Entertainment LLC ("Twentieth Century Fox") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 10201 W. Pico Boulevard, Attn: Tax Dept., Los Angeles, California 90035.

5.      Upon information and belief, Defendant Fox Searchlight Pictures, Inc. ("Fox Searchlight") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 10201 West Pico Boulevard, Attn: Tax Dept., Los Angeles, California 90035.

6.      Upon information and belief, Defendant Lions Gate Entertainment Inc. ("Lions Gate") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 2700 Colorado Avenue, Suite 200, Santa Monica, California 90404.

7.      Upon information and belief, Defendant Universal Studios Home Entertainment LLC ("Universal Studios") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 100 Universal City Plaza, Universal City, California 91608.

8.      Upon information and belief, Defendant Focus Features LLC ("Focus") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 65 Bleecker Street, 3rd Floor, New York, New York 10012.

9.      Upon information and belief, Defendant Sony Pictures Entertainment Inc. ("Sony") is a corporation organized and existing under the laws of the State of Delaware,

with its principal place of business located at 10202 W. Washington Boulevard, Culver City, California 90232.

10.     Upon information and belief, Defendants Paramount Home Entertainment Inc. ("Paramount") and Paramount Home Entertainment Distribution Inc. ("Paramount Distribution") are corporations organized and existing under the laws of the State of Delaware, with its principal place of business located at 1515 Broadway, New York, New York 10036.

11.     Upon information and belief, Defendant DW Studios L.L.C. ("DW Studios") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 1515 Broadway, New York, New York 10036.

12.     Upon information and belief, Defendant DreamWorks Animation Home Entertainment, L.L.C. ("DreamWorks Animation") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 1000 Flower Street, Glendale, California 91201.

13.     Upon information and belief, Defendant Nu Image, Inc. ("Nu Image") is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 6423 Wilshire Boulevard, Los Angeles, California 90048.

14.     Upon information and belief, Defendant First Look Studios, Inc. ("First Look") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 2000 Avenue of the Stars, Suite 410, Century City, California 90067.

15.     Upon information and belief, Defendant Digital Playground, Inc. ("Digital Playground") is a corporation organized and existing under the laws of the State of

California, with its principal place of business located at 16134 Hart Street, Van Nuys, California 91406.

16. Upon information and belief, Defendant SBO Pictures, Inc. d/b/a Wicked Pictures ("Wicked Pictures") is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 9040 Eton Avenue, Canoga Park, California 91304.

## JURISDICTION AND VENUE

17. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

18. The Court has personal jurisdiction over each Defendant because each Defendant has minimum contacts within the State of Texas, and the Eastern District of Texas; each Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; each Defendant has sought protection and benefit from the laws of the State of Texas; each Defendant regularly conducts business within the State of Texas and within the Eastern District of Texas; and, Plaintiff's cause of action arise directly from Defendants' business contacts and other activities in the State of Texas and in the Eastern District of Texas.

19. More specifically, each Defendant, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises its products and services in the United States, the State of Texas, and the Eastern District of Texas. Upon information and belief, each Defendant has committed patent infringement in the State of Texas and in the Eastern

District of Texas, has contributed to patent infringement in the State of Texas and in the Eastern District of Texas and/or has induced others to commit patent infringement in the State of Texas and in the Eastern District of Texas. Each Defendant solicits customers in the State of Texas and in the Eastern District of Texas. Each Defendant has many paying customers who are residents of the State of Texas and the Eastern District of Texas and who each use respective Defendant's products and services in the State of Texas and in the Eastern District of Texas.

20. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**COUNT I – PATENT INFRINGEMENT**

21. United States Patent No. 6,526,219, entitled "Picture-Based Video Indexing System," was duly and legally issued by the United States Patent and Trademark Office on February 25, 2003 after full and fair examination. Plaintiff is the assignee of all rights, title, and interest in and to the '219 patent and possesses all rights of recovery under the '219 patent including the right to sue for infringement and recover past damages.

22. Upon information and belief, Evil Angel has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery. Upon information and belief, Evil Angel has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to

infringe one or more claims of the ‘219 patent, in this district and elsewhere in the United States.

23. Upon information and belief, Twentieth Century Fox has infringed and continues to infringe one or more claims of the ‘219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery. Upon information and belief, Twentieth Century Fox has also contributed to the infringement of one or more claims of the ‘219 patent and/or actively induced others to infringe one or more claims of the ‘219 patent, in this district and elsewhere in the United States.

24. Upon information and belief, Fox Searchlight has infringed and continues to infringe one or more claims of the ‘219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery. Upon information and belief, Fox Searchlight has also contributed to the infringement of one or more claims of the ‘219 patent and/or actively induced others to infringe one or more claims of the ‘219 patent, in this district and elsewhere in the United States.

25. Upon information and belief, Lions Gate has infringed and continues to infringe one or more claims of the ‘219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery. Upon information and belief, Lions Gate has also contributed to

the infringement of one or more claims of the ‘219 patent and/or actively induced others to infringe one or more claims of the ‘219 patent, in this district and elsewhere in the United States.

26. Upon information and belief, Universal Studios has infringed and continues to infringe one or more claims of the ‘219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery. Upon information and belief, Universal Studios has also contributed to the infringement of one or more claims of the ‘219 patent and/or actively induced others to infringe one or more claims of the ‘219 patent, in this district and elsewhere in the United States.

27. Upon information and belief, Focus has infringed and continues to infringe one or more claims of the ‘219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery. Upon information and belief, Focus has also contributed to the infringement of one or more claims of the ‘219 patent and/or actively induced others to infringe one or more claims of the ‘219 patent, in this district and elsewhere in the United States.

28. Upon information and belief, Sony has infringed and continues to infringe one or more claims of the ‘219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays

motion imagery. Upon information and belief, Sony has also contributed to the infringement of one or more claims of the ‘219 patent and/or actively induced others to infringe one or more claims of the ‘219 patent, in this district and elsewhere in the United States.

29. Upon information and belief, Paramount has infringed and continues to infringe one or more claims of the ‘219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery. Upon information and belief, Paramount has also contributed to the infringement of one or more claims of the ‘219 patent and/or actively induced others to infringe one or more claims of the ‘219 patent, in this district and elsewhere in the United States.

30. Upon information and belief, Paramount Distribution has infringed and continues to infringe one or more claims of the ‘219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery. Upon information and belief, Paramount Distribution has also contributed to the infringement of one or more claims of the ‘219 patent and/or actively induced others to infringe one or more claims of the ‘219 patent, in this district and elsewhere in the United States.

31. Upon information and belief, DW Studios has infringed and continues to infringe one or more claims of the ‘219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window

displays motion imagery. Upon information and belief, DW Studios has also contributed to the infringement of one or more claims of the ‘219 patent and/or actively induced others to infringe one or more claims of the ‘219 patent, in this district and elsewhere in the United States.

32. Upon information and belief, DreamWorks Animation has infringed and continues to infringe one or more claims of the ‘219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery. Upon information and belief, DreamWorks Animation has also contributed to the infringement of one or more claims of the ‘219 patent and/or actively induced others to infringe one or more claims of the ‘219 patent, in this district and elsewhere in the United States.

33. Upon information and belief, Nu Image has infringed and continues to infringe one or more claims of the ‘219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery. Upon information and belief, Nu Image has also contributed to the infringement of one or more claims of the ‘219 patent and/or actively induced others to infringe one or more claims of the ‘219 patent, in this district and elsewhere in the United States.

34. Upon information and belief, First Look has infringed and continues to infringe one or more claims of the ‘219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos

indexed with images that are displayed in windows wherein at least one window displays motion imagery. Upon information and belief, First Look has also contributed to the infringement of one or more claims of the ‘219 patent and/or actively induced others to infringe one or more claims of the ‘219 patent, in this district and elsewhere in the United States.

35. Upon information and belief, Digital Playground has infringed and continues to infringe one or more claims of the ‘219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery. Upon information and belief, Digital Playground has also contributed to the infringement of one or more claims of the ‘219 patent and/or actively induced others to infringe one or more claims of the ‘219 patent, in this district and elsewhere in the United States.

36. Upon information and belief, Wicked Pictures has infringed and continues to infringe one or more claims of the ‘219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery. Upon information and belief, Wicked Pictures has also contributed to the infringement of one or more claims of the ‘219 patent and/or actively induced others to infringe one or more claims of the ‘219 patent, in this district and elsewhere in the United States.

37. Each Defendant’s aforesaid activities have been without authority and/or license from Plaintiffs.

38. Plaintiff is entitled to recover from the Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 3 U.S.C. § 284.

39. Defendants' infringement of Plaintiff's exclusive rights under the '219 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

40. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

A. An adjudication that one or more claims of the '219 patent has been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendants' acts of infringement together with pre-judgment and post-judgment interest;

C. That one or more of the Defendants' acts of infringement be found to be willful from the time that Defendants became aware of the infringing nature of their actions, which is the time of filing of Plaintiff's Original Complaint at the latest, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

D. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendants from further acts of (1) infringement, (2) contributory infringement, and (3) actively inducing infringement with respect to the claims of the '219 patent;

E. That this Court declare this to be an exceptional case and award Plaintiff reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

F. Any further relief that this Court deem just and proper.

Respectfully submitted,

Dated: August 13, 2010          /s/ William E. Davis, III
                                William E. Davis, III
                                **THE DAVIS FIRM P.C.**
                                111 W. Tyler Street
                                Longview, Texas 75601
                                Telephone: (903) 230-9090
                                Facsimile: (903) 230-9661
                                E-mail: bdavis@bdavisfirm.com

                                Of Counsel:

                                Douglas L. Bridges
                                GA Bar No. 080889
                                Jacqueline R. Knapp
                                GA Bar No. 425322

**HENINGER GARRISON DAVIS, LLC**
1 Glenlake Parkway, Suite 700
Atlanta, GA 30328
Tel: (678) 638-6308
Fax: (678) 638-6308
Email: dbridges@hgdlawfirm.com
Email: jknapp@hgdlawfirm.com

John F. Ward
John W. Olivo, Jr.
**WARD & OLIVO**
380 Madison Avenue
New York, New York 10017
Telephone: (212) 697-6262
Facsimile: (212) 972-5866
Email: wardj@wardolivo.com
Email: olivoj@wardolivo.com